UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOEL PELEGRINO ASCUTIN,

          Petitioner,

    v.

D. MARIN, et al.,

          Respondents.

Case No. 5:26-cv-00481-KK-AGR

Assigned to: Hon. Kenly Kiya Kato

**ORDER GRANTING PRELIMINARY INJUNCTION**

**[NOTE CHANGES BY COURT]**

    The Court has considered Petitioner Joel Pelegrino Ascutin's application for a preliminary injunction and all briefing, records, and evidence in this case.

    "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Order Granting Petitioner's Ex Parte Application for Temporary Restraining Order ("TRO," Dkt. 16) at 3 (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)). For the reasons it granted the temporary restraining order, and in light of Respondents' failure to file a timely Response as to why the Court should not issue a preliminary injunction, *see* TRO at 10 (ordering Respondents to show cause in writing no later than March 3, 2026), the Court now grants a preliminary injunction. Absent preliminary injunctive relief, Petitioner faces the prospect of re-detention without a pre-detention hearing,

and/or removal to a third country without notice and an opportunity to be heard, during the pendency of this case. TRO at 4-8; *see id.* ("Petitioner's release is necessary to return him to the status quo, which is the last uncontested status which preceded the pending controversy[:] . . . Petitioner's release on supervision before his current re-detention." (cleaned up)).

The Court therefore **GRANTS** a preliminary injunction and **ORDERS** as follows:

(1)    Respondents are **ENJOINED** from re-detaining Petitioner unless and until they follow the procedural safeguards set forth in 8 C.F.R. §§ 241.4, 241.13, and all other relevant applicable statutes and regulations, including providing him a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required;

(2)    Respondents are **ENJOINED** from removing Petitioner to a third country without notice and an opportunity to be heard; and

(3)    Respondents are **ENJOINED** from modifying the release conditions of Petitioner's order of supervision prior to his December 2025 arrest and re-detention.

Failure to comply with this Order will result in sanctions.  Pursuant to General Order No. 05-07, further proceedings on the merits of the petition are referred to the Magistrate Judge.

**IT IS SO ORDERED.**

DATED: <u>March 9, 2026</u>                    By: _____

HON. KENLY KIYA KATO
United States District Judge

Presented by:

2

/s/ *Michael Tayag*
MICHAEL TAYAG
Deputy Federal Public Defender